UNITED STATES DISTRICT COURT
for the
Western Division of Kentucky

Ron David Rock
Pro Se
-v-
Judge Perlow, Child Support Enforcement,
County Attorney, Judicial Conduct Comm.

Case No. 5:24CV181-BJB

STATEMENT OF CLAIM

STANDING:

Article III has three standing requirements:

1. An actual or a threatened injury.
2. The injury is traceable to the defendant's conduct.
3. A sufficient likelihood that a favorable decision on the merits will redress the injury.

BACKGROUND

On June 30, 2021, and beyond during the proceedings of case number 10-J-00265, Judge Perlow presided over the matter at Marshall County Family Court, concerning the custody of Ron Rock's child, K.R. During this process and the processes leading up to this hearing, Judge Perlow failed to use or follow the guidelines set for her according to the law. She allowed Amy Patterson to keep K.R. from Ron Rock for months without a temporary order or hearing to show cause for taking K.R. and refused to return her. She, instead of finding Amy Patterson in contempt of court for failing to pay child support, erased Amy Patterson's back child support of approximately $18000 owed to Ron Rock without a filed motion from the plaintiff regarding child support. Judge Perlow restricted his visitation after Amy just kidnapped K.R. for 6 months. K.R. and Ron were supposed to go to California to see Grandma upon receiving a check from the house sale. K.R. did not want to go so she and Amy played with me for 2 months and the day we were supposed to leave, Amy took K.R.   Judge Perlow refused to calculate child support correctly regardless of the continuous motions.  Judge Perlow demonstrated clear prejudicial and biased decisions against

Ron, which adversely affected the unfair outcome of the case. Judge Perlow allowed Amy to use her hearsay evidence even when the actual evidence in the hearing proved otherwise. Judge Perlow bias and prejudicial decisions have enabled Amy Patterson to alienate K.R. from Ron. Amy created serious roadblocks for Ron and K.R. 's relationship with Judge Perlow as her authority backing up the problems created. Amy had one fabrication after another, Judge Perlow knows Amy fabricated most everything along with persuading counselors that were for K.R. Amy fabricated stories to the counselors, and even though they were caught, Judge Perlow ruled in Amy Pattersons favor. Judge Perlow did not hold Amy Patterson accountable to any order she had written, or any past order. Amy did not follow an order from the court and did this without consequence. Amy fabricated affidavits and filed false accusations again without repercussions.

STATEMENT OF CLAIM:

i, Ron Rock, hereby file this statement of claim against Judge Perlow and all defendants for violating my constitutional right to due process and a fair trial. Judge Perlow showed extreme bias, prejudice, and discrimination. Judge Perlow did not adhere to state or federal laws in making her decisions, thereby infringing upon my rights as protected under hereby infringing upon my rights as protected under the Fourteenth Amendment of the Constitution of the United States. This amendment guarantees equal protection under the law and due process, both of which have been violated by the actions of the defendants. As a result, I have suffered significant harm and seek legal redress to ensure that my constitutional rights are upheld and protected from further violations.

INTRODUCTION:

I, Ron Rock, the plaintiff in this matter. I am bringing this claim against Judge Perlow and other defendants for depriving me of my Constitutional Rights. This 42 U.S.C. § 1983 allows me to pursue this suit.

| | |
|---|---|
| Plaintiff: | Ron Rock |
| Defendant: | Judge Stephanie Perlow |
| Defendant: | County Attorney's Office |
| Defendant: | Child Support Enforcement |
| Defendant: | Judicial Conduct Commission |

ALLEGATIONS FOR CLAIM AGAINST JUDGE PERLOW AND DEFENDANTS FOR DEPRIVATION OF MY RIGHTS

1. DEPRIVATION OF RIGHTS:

   a. Marshall County as a whole allowed Amy Patterson to hold K.R. from Ron Rock the custodial parent, not upholding the court order in place. Marshall County Court has allowed Amy Patterson to bypass the law in every hearing. Judge Perfow has abused her authority acting under the color of law.
   b. Judge Perlow without CPS involvement or credible evidence restricted his visitation. Judge Perlow allowed Amy Patterson to choose the counselors. The first Counselor deemed unfit, also happened to be Amy's neighbor. Alexa the third counselor was obvious she did no counseling was just there to restrict my visitation with what was scripted for her. Rachelle Valentine may not have been qualified but at least she was honest and documented our counseling sessions for an entire year. K.R. was put up to asking for a new counselor to open the door for Alexa to do as much damage as she could do. This I had thought backfired as most of her testimony was contradicted. Judge Perlow after this woman lying to the court with allegations of me touching my daughter apparently. She also stated the counseling sessions were with just K.R. Later in an interview with K.R. the truth came out. K.R. did tell Judge Perlow I make her cook, clean, and take out the trash. (All untrue and Judge Perlow knows it.) Otherwise, it would be in the one-year counseling report. Judge Perlow restricts my visits to 1 hr a week at K.R. convenience and orders my daughter to continue to see Alexa. This was in Aug 2023 and I have not talked to my daughter since.
   c. Jude Perlow has used information from prior hearings and wrote them in like they just happened.
   d. Judge Perlow wrote in the findings and facts Ron is quick to get angry when there is no evidence of that. It was a statement made by a receptionist at the counselor's office while he was on his cell phone waiting to go in.
   e. Judge Perlow continuously makes decisions without evidence, this has led to a loss of relationship with K.R. and her serious frustrations
   f. Together Judge Perlow and Amy Patterson have alienated a father and a daughter relationship. Amy has tried since birth to do this.. Ron does not want to accuse Judge Perlow of being corrupt, but it will become very apparent why he thinks this
   g. Judge Perlow erased a debt owed to Ron by Amy Patterson (delinquent back child support), Judge Perlow did this without Amy filing a motion asking for relief, or cause as to why relief is needed, Judge Perlow just did it. (approx $18000) Judge Perlow calculated Ron's child support based on a withdrawal of the stock market in the June 2021 hearing in Marshall County Court which essentially was part of the loss Ron had lost the prior year which led to Ron's inability to care for K.R If I read the statute correctly it specifically states not to use stock market accounts. Judge Perlow also failed to include the mother's inheritances 400,000 cash and a $300.000 dollar house), along with the delinquent back child support, plus the 8% interest. Judge Perlow also denied recalculating Ron's child support after many attempts. Amy Patterson depleted her inheritance in Jan 2023 and Judge Perlow had no problem recalculating at that time. Amy made a statement that she and her boyfriend

dont work and borrow money from her son to pay the bills. She was calculated at $9 an hr I believe. I had $15hr check stubs and was ordered to pay close to $500 a month. My attorney said this was incorrect, but she is the judge. Amy has not followed a court order since K.R.'s birth. Ron is now in contempt of court for failure to pay. (KRS 403.212 guidelines). He has paid approximately $5,700.00 to date. This is currently in appeals. When evidence was provided for Amy Patterson's actual income, Judge Perlow dismissed it even though it affected the amount of Ron's support drastically.
2. Judge Perlow showed Extreme discriminatory judicial bias and prejudice to procedure (S. - Fair Courts Act of 2923)
3. Judge Perlow bypassed the law on the Parents and children possessing protected liberty interest 818 F.2d 1411, 1418, 791 F.2d 744, 748, 767 F.2d 651, 654.
4. Judge Perlow threw out 14th Amendment substantive due process (304 U.S. 144) (474 U.S. 327, 331), procedural due process 474 U.S. 327, 331
5. Judge Perlow ignored 14th Amendment Equal Protection Clause 237 F.3d at 1106.
6. The 5th Amendment Due Process clause backs up the 14th Amendment which also had an equal protection clause (347 U.S. 497)
7. Ron wrote motions to the court in late 2022 with attachments to the motion letting Judge Perlow know Amy Patterson's son who is 18 years of age is on house arrest for domestic violence. He also made it known that Amy Patterson is dating her son's friend who is the same age as her son. Judge Perlow threw the motion attachments out, and if his memory is correct, she said Ron cannot file a motion while he has an attorney, although his attorney was in the process of withdrawal. (must fact check this)
8. Judge Perlow, acting under color of state law, deprived Ron of his constitutional rights, including his right to due process and equal protection under the law, as guaranteed by the 14th Amendment, Due Process and Equal Protection Clauses. Sect 1: No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of the law; nor deny to any person within its jurisdiction the equal protection of the laws.
9. Please see: 18 U.S. Code § 241, 42 U.S. Code § 1983,18 U.S. Code § 242, Troxel v. Granville 530 U.S. 57 (2000) This allows him to bring suit to all defendants in an individual capacity thus challenging their immunity.
10. Judge Perlow has restricted Ron right out of a relationship with his daughter

**I, Ron Rock, am filing this lawsuit against the County Attorney for their role in violating my civil rights. The County Attorney has a duty to ensure that legal actions and decisions comply with state and federal laws and to protect the constitutional rights of individuals involved in these proceedings.**

1. **Specific Allegations:**

    a. **Failure to Act and Aid:** The County Attorney failed to act and provide assistance when Amy Patterson took our daughter. Despite being aware of the situation, the County Attorney did not require a temporary custody order, which would have provided legal protection and clarity.

b. **Interference with Law Enforcement:** The County Attorney stopped the police from aiding in the situation, thereby preventing law enforcement from taking appropriate action to protect my rights and ensure the safety of my daughter.

c. **Neglect of Duty:** The County Attorney has a responsibility to ensure that child support orders are calculated and enforced in accordance with the law. Their failure to address the improper calculation of my child support and the erasure of Amy Patterson's arrearages constitutes a neglect of duty, resulting in significant financial and emotional stress.

d. **Failure to Ensure Judicial Compliance:** The County Attorney's inaction has allowed the continued violation of my rights to due process and equal protection, as guaranteed by the Fourteenth Amendment. Their failure to intervene and address the judicial misconduct has perpetuated the deprivation of my constitutional rights.

**CONCLUSION:**

The County Attorney's failure to fulfill their responsibilities and address the judicial misconduct has resulted in the continued violation of my civil rights. I am seeking legal redress to hold them accountable for their neglect of duty and to ensure that my constitutional rights are protected from harm.

**I, Ron Rock, am filing this lawsuit against the Judicial Conduct Commission (JCC) for their role in violating my civil rights. The JCC has a duty to ensure that judicial actions comply with state and federal laws and to protect the constitutional rights of individuals involved in these proceedings.**

1. **Specific Allegations:**

    a. **Violation of Due Process and Equal Protection Rights:** The JCC has consistently violated my due process and equal protection rights under the Fourteenth Amendment. Their actions have deprived me of fair treatment and the opportunity to present my case adequately.

    b. **Bias and Procedural Irregularities:** The JCC has demonstrated bias and procedural irregularities in their handling of my complaints against Judge Stephanie Perlow. These actions have significantly impacted my ability to seek redress for the judicial misconduct I have experienced.

    C.**Failure to Address Judicial Misconduct:** Despite being presented with evidence of Judge Perlow's actions, which include violating my due process and equal protection rights under the Fourteenth Amendment, the JCC has failed to take appropriate action to

correct these violations. This lack of intervention has allowed the continued deprivation of my constitutional rights.

**d. Neglect of Duty:** The JCC has neglected their duty to ensure that judicial actions are conducted fairly and in accordance with the law. Their failure to address the improper actions of Judge Perlow constitutes a neglect of duty, resulting in significant harm to my rights and well-being.

**e. Failure to Ensure Judicial Compliance:** The JCC's inaction and bias have allowed the continued violation of my rights to due process and equal protection, as guaranteed by the Fourteenth Amendment.

**CONCLUSION:**

The Judicial Conduct Commission's failure to fulfill their responsibilities and address the judicial misconduct of Judge Perlow has resulted in the continued violation of my civil rights. I am seeking legal redress to hold them accountable for their neglect of duty and to ensure that my constitutional rights are protected from harm.

I, Ron Rock, am filing this lawsuit against Child Support Enforcement for their role in perpetuating the violations of my civil rights committed by Judge Stephanie Perlow. Child Support Enforcement has a duty to ensure that child support calculations and enforcement actions comply with state and federal laws, and to protect the constitutional rights of individuals involved in these proceedings.

1. Specific Allegations:
    a. Child Support Enforcement has also deprived Ron of his rights KRS 403.213 failure to follow the procedure in the calculation and removal of a debt owed to Ron.

2. Failure to Correct Judicial Misconduct:
    a. Despite being aware of Judge Perlow's actions, which include violating his due process and equal protection rights under the Fourteenth Amendment, Child Support Enforcement failed to take appropriate action to correct these violations. This lack of intervention has allowed the continued deprivation of his constitutional rights.

3. Neglect of Duty:
    a. Child Support Enforcement has a responsibility to ensure that child support orders are calculated and enforced in accordance with the law. Their failure to address the improper calculation of Ron's child support and the erasure of Amy Patterson's arrearages constitutes a neglect of duty, resulting in significant financial and emotional stress.

4. Failure to Ensure Judicial Compliance:

    a. Child Support Enforcement's inaction has allowed the continued violation of Ron's rights to due process and equal protection, as guaranteed by the Fourteenth Amendment.

CONCLUSION:

Child Support Enforcement's failure to fulfill their responsibilities and address the judicial misconduct of Judge Perlow has resulted in the continued violation of Ron's civil rights. He is seeking legal redress to hold them accountable for their neglect of duty and to ensure that his constitutional rights are protected from harm.

FAILURE TO FOLLOW LEGAL PROCEDURE:

1. Judge Perlow and the County Attorney of Marshall County allowed Amy Patterson to keep K.R. from her father, Ron Rock, without even having a hearing for a temporary order. (Parental Kidnapping Prevention Act, Modification of Custody Decree, Uniform Child Jurisdiction and Enforcement Act, Best interest of the child 25 KRS 403.270, and Visitation Rights 25KRS 403.320.) should have protected me from having to endure any of this.

2. Judge Perlow and the Child Support Enforcement violated KRS 403.213 in calculating Ron Rock's child support and in erasing Amy Patterson's arrearages In the June 30, 2021, hearing. Ron has not let this drop and has filed many motions before hearings to try to get this corrected. Judge Perlow denies each motion. On February 17, 2022, Ron filed a motion asking the court to enter a judgement on Amy's delinquent child support. This was also denied. Ron Rock filed a CR 60.02 motion on January 1, 2024, and Amy Patterson filed a similar motion on February 12, 2024. The trial court entered a denial order on February 20, 2024. The CR 60.02 motion introduced new evidence, showing Amy Patterson's claiming an income of $1,600.00 per month was really $50,000.00 to $90,000.00 per year. Additionally, Judge Perlow ordered Ron to pay Amy Patterson's attorney fees of $1,000.00. In the motion hour during this hearing, Judge Perlow told Alicia Bobo "She had to let Ron file this so if it went to the court of appeals, they could say they did everything they could". This statement lacks legal principles Judge Perlow does not have the authority to make such modifications, even with a change in timesharing. Judge Perlow erased Amy Patterson's back child support and calculated Ron's based on a one-time withdrawal from a stock market account. Ron was unemployed at that time. His last 10-year tax returns averaged $20,000.00. Judge Perlow set Ron up for failure. Many motions have been filed giving Judge Perlow the opportunity to do the right thing, yet she continuously denied them. When Ron went to the child support office in September 2021 to see what could be done about the judge's orders, they told Ron their hands were tied, even with the 2011 order in hand showing Amy Patterson owed the money. The file on Amy Patterson's child support had been archived and would take a judge to open or reverse Judge Perlow's decision. On February 17, 2022, a verified motion was filed to recalculate Ron's child support. Judge Perlow denied it but put it in Abeyance. This also falls on the county attorney for failing to do his duty, keeping child support current and doing something about delinquent payees.

a. Judge Perlow in the June 30, 2021, hearing violated KRS.403.270, KRS 403.280, KRS 403.300, KRS 620.060, AND 620.070 when determining time share. She restricted Ron's timesharing with his daughter. Amy Patterson kept K.R. from Ron for 6 months, (not the first time Amy has done this), blocked him from calling, refused to help with positive progress during appointments with a moderator. In the June 30, 2021, hearing, Judge Perlow's Lack of Justification, Failure to Consider Relevant Factors, and Ignoring Best Interest of the Child, and Procedural Irregularities violated the KRS 403.270 by not adhering to statutory requirements for determination. These violations resulted in an unfair and unsupported restriction of Ron's parental rights. Rachelle Valentine, family counselor reported in Jan 2023 she is a reporting counselor to the Judge. She had nothing to report against Ron. A very hard part of this for Ron to process is in a hearing with Rachelle Valentine where K.R. stated she gets to see her father, then she doesn't get to see him, and she doesn't understand why. K.R. also stated she hated that her father had her write positive affirmations. Rachelle did not note that. That is crucial. Judge Perlow asked Rachelle Valentine how much time Ron should get for visitation. Rachelle stated it is not her job to say. Amy Patterson asked Rachelle 6 times over an 8-month period to restrict visitation and even encouraged K.R. to ask Rachelle to restrict visitation. Ron is now 19 months of severe restricted visitation. In Judge Perlow's order after this hearing, Ron received every other Wednesday from 4 pm to 7pm and every other Friday from 5pm to Sat at 5pm. Judge Perlow obviously did not read Rachelle Valentine's notes for the last 6 months (approximately 100 pages). The fact that his visitation is still restricted should speak volumes. Judge Perlow told Amy to encourage the visitation in a prior hearing. Obviously noted Amy defied Judge Perlow's suggestion. Judge Perlow asked during this hearing for Ron to take the packet (Rachelle Valentine documented) to his individual counselor to have him read and counsel according to it. Ron did and his counselor said there is nothing in here to counsel. She also threw a hiccup at the findings and facts stating he is quick to anger. This should fall under judicial misconduct/fraud. The (Parental Kidnapping Prevention Act, Modification of Custody Decree, Uniform Child Jurisdiction and Enforcement Act, Best interest of the child 25 KRS 403.270, and Visitation Rights 25KRS 403.320.) should have protected Ron and his daughters relationship. The father daughter relationship does not exist because Judge Perlow enabled this rogue behavior without consequence or justification . Judge Perlow is responsible for K.R. behavior directly by allowing the mother to continue to influence her. Started with when she kidnapped her, and convinced her I was gonna take her from her mom.

HEARING BASED ON FICTIONAL EVERYTHING

1. Judge Perlow stopped the April 14, 2021, hearing within the first 20 minutes. This was hearing number 2. Ron went first. Amy had an affidavit from Jeannie Cain family counselor (Amy Pattersons neighbor) claiming K.R. has PTSD with a list of claims too long to list. All motions were fabricated. Alicia Bobo, Amy Pattersons attorney, continuously attacked Ron's character in all her fictional motions. Ron had to have evidence to prove they were not telling the truth, they did not need evidence just an accusation. Jeanie Cain

started restricting Ron's visitation in March 2021 for Ron calling her out on failure to do her job. For 20 minutes Ron showed text evidence Amy did not comply with Jeanie Cains' suggestions or requests regarding K.R. and visitation. Ron filed a contempt order in the courtroom because Amy Patterson started the counseling after the parties were supposed to be back in the courtroom for the next process thus intentionally delaying the outcomes. No acknowledgement from Judge Perlow. Ron showed that Jeanie Cain failed to do her job as a counselor. When Ron confronted her, she abused her power and restricted his visitation. Judge Perlow did not even wait to see what kind of evidence they had – she just stopped it. Jeanie Cain gave Ron a scheduled visitation for 8 days in December, so Judge Perlow ruled that moving forward, 8 days visitation with no overnights would be granted. This would be every Wednesday from 4pm to 7pm and every Saturday from 10am to 5pm. Again, Ron left this hearing without understanding why he has had a loss of his rights and unclear why his relationship with his daughter is controlled.

### JUDICIAL BIAS AND PREJUDICE

a. Judge Perlow exhibited bias by making statements like:
   i. "You will never have custody of your daughter again."
   ii. "I never knew she had that much money."
   iii. "I have to allow him to introduce Jan 2024. So if it goes to the court of appeals, we can say we did everything".

They were all statements made during motion hours. In the final court hearing her statement "this child is not going to decide if she gets to see her father or not" is the statement that sums the whole case up. Judge Perlow has allowed this to go on for 3 years. She is solely responsible for the loss in his relationship with K.R.

b. Judge Perlow did not follow the procedure enabling this outrage.
c. Judge Perlow restricted Rons visitation for 3 years until she basically took it away without justification.
d. Judge Perlow would say things in court then when she wrote the court order it would be the opposite of what she would say.
e. Judge Perlow erased the mother's 10 years of back child support without a motion or cause. In June 2021 Judge Perlow was not even asked to do this she just did.
f. Judge Perlow ordered Ron to sell his stocks in his stock account to pay the back child support (I did not do this)
g. The only evidence Judge Perlow has is K.R. stating she doesn't want a relationship with her father but has never stated why. Nor has she stated what he has done.
h. Judge Perlow wrote that Ron needs to work on anger problems in her findings and facts. Anger has not been addressed in this court.
i. Judge Perlow rules in favor of Amy Patterson in every hearing regardless of evidence presented.
j. Judge Perlow refuses to adhere to the laws written regarding anything.
k. Judge Perlow has definitely abused her position and acted under the color of law and should be prosecuted
l. Judge Perlow tormented Ron/K.R. with her opinion law before eventually ending their relationship

m. Judge Perlow would not allow Ron to introduce an hour-long interview (audio recording) with the family, Jeanie Cain, after 5 months of visits where he asked why she still restricts his visitation (restriction came from Judge Perlow). Which is fine she was deemed unfit but figured she would want to know what 5 months of counseling has brought up instead of restricting the relationship without justification, know why you are restricting it.

n. Judge Perlow would not allow Ron to introduce evidence showing Amy Patterson had falsely accused him of crimes of domestic violence and kidnapping in the prior hearing  Amy never showed up for visitation when she had custody, and when K.R. was born,  Ron brought Amy to Kentucky to get her son she abandoned for 2 years.   Instead, she takes K.R. from him.  Ron was not listed on K.R.'s birth certificate.   Marshall County would not give him a paternity test as Amy continuously told them that Ron was not K.R.'s father.  Ron knows what to expect from Amy, and never fathomed he would have a judge with the same integrity as her.  Ron wanted to show Judge Amy's behavioral patterns, and her many false allegations.

o. Ron asked Judge Perlow to recuse herself, but she refused

p. Judge Perlow for the introduction of evidence on the 60.02 told Ron in motion hour in late 2023 she would accept this, told him to hire a lawyer, and gave him 60 days to do so.  She then denied it with an order to pay Amy Pattersons attorney fees of $1,000.00 (please see bias statements) Documents were presented clearly showing her claim of making $18,000.00 per year was in reality, closer to $50,000.00 per year.

q. Judge Perlow has undermined the fairness and impartiality required in Judicial proceedings.

r. K.R. had a new individual counselor for the Aug 2023 hearing.  Alexa wrote an affidavit to restrict visitation.  Ron called her supervisor, and they exchanged emails.  Ron sent her the affidavit Alexa wrote and explained there is no feasible way this is true unless Amy is in the sessions.  The Supervisor assured Ron it is their policy to be with only the child.  Ron knew better.  Alexa showed up to court. Ron asked her why she did not follow the court order written by Judge Perlow.  She could not tell him what her obligation was according to what Judged Perlow had ruled.  Ron tried to tell her but because he did not have a copy to ask her to read, he was denied his position on the matter.  The judge would not allow him to recall and remind her of what it said, maybe because it would not be word for word. The order stated to counsel K.R. on what happens in family counseling.

s. K.R. asked to remove Rachelle Valentine, just after her and Alexa started working together. Ron was able to ask Alexa if her sessions were with K.R. or with K.R. and Amy.  Alexa replied with K.R. Alexa, without a question, just started attacking Ron, telling the court he yelled at K.R., he touched K.R.  inappropriately, Ron immediately asked "Where did I touch her?" she replied "on the arm and on the leg."   What kind of individual counselor tries to influence a child that she was touched inappropriately and then try to influence a courtroom where a father touched his daughter inappropriately.  After Judge Perlow had spoken to K.R. in chambers, she finds out Amy was a part of each session.  She double checked to make sure Ron did not touch K.R. inappropriately.  K.R. told her he did not. K.R. also told Judge Perlow he made her cook, clean, and take out the trash.  In court

Alexa stated that on their Wednesday night visit, she knew K.R., and Ron would go out to eat. If this were true, the only time K.R. would have to cook, clean, and take out the trash would be the 24-hour period from Friday to Saturday at 5 p.m. Someone would think if this were true, they would be working on it in counseling or at least there would be some mention of it over the last year. We all know that did not happen including Judge Perlow. If it did happen, it would be ok too because she still cannot restrict visitation for that. To add insult to injury, Judge Perlow restricts Ron's visitation now to 2 hours per week at his daughter's convenience. Ron has not seen or talked to K.R. since. It has been over a year. Judge Perlow also ordered K.R. to continue to see Alexa for individual counseling. It will be clear by watching these hearings, Judge Perlow has other motives. Ron brought in pictures of both evidence of their relationship and evidence of mother's absences and lack of care. No different than any other hearing. Ron also filed for contempt of court because Amy refused to get a new family counselor or respond to him as he looked for one. Amy did not want a new counselor - she found her golden goose in Alexa. Judge Perlow allowed her individual counselor to dilute the case with her false testimonies and allowed again her orders not to be followed by Amy nor the counselor.

t. Amy will continue to make the allegations bigger and bigger to distract the court, Amy does not have a clue what co-parenting is. Co-parenting only happened when Ron had custody.
u. After the last hearing when Judge Perlow again restricted Ron's visitation in her findings and facts because she accused him of making her cook and clean, there were no grounds to restrict visitation. Ron asked his attorney what to do from here and was told "nothing - the Judge knows she isn't telling the truth and still rules in her favor so stop wasting your money."

LACK OF EVIDENCE/Procedure

I am asking for the contempt of court charge to be removed from Ron Rock and hold Amy Patterson in contempt for intentional failure to pay the court ordered child support. I am asking all rulings made by Judge Perlow be removed from the docket and redacted to the original order because of the lack of procedure and discriminatory order. This order was made from a conversation Ron had with K.R. Principal at North Marshall Middle School. It is believed that she made this call for failing to do her job in the prior year when K.R. was residing at her mother's where CPS was involved, and Ron was not informed by any of the parties.

v. Judge Perlow's non, mis, malfeasance has completely destroyed Rons life.
w. Judge Perlow's continuous decisions to alienate Ron as a parent made without sufficient evidence or merit caused great harm to both he and K.R.
x. The judge's disregarded the lack of credible evidence presented against Ron and failure to consider the credible evidence supporting Rons case clearly shows bias and unfairness.
y. This case is severely influenced by hearsay, fictional motions and severely influenced by Amy Patterson. This case lacks all procedural rights. One must question the validity of her orders now.

z.  Judge Perlow has failed to provide adequate explanation for the decisions made, leaving Ron without a clear understanding of the reasons behind the severe restrictions on his parental rights. This lack of transparency further violated his rights to a fair and just legal process. (where is the substance in this case)

aa. Exclusion of Evidence: Judge Perlow repeatedly excluded critical evidence submitted by the Respondent. While accepting literally no evidence from Amy Patterson.

IMPACT:

As a result of Judge Perlow's actions, Ron has suffered significant emotional distress, mental damage for life, depression, lack of energy, loss of companionship with his daughter, comparative to a wrongful death, damage to his reputation, mind, emotions, feelings, and family. The absence of order, justice, fairness, resolutions, and interpretations of the facts along with procedural process in Judge Perlows courtroom severely impacted his ability to maintain a meaningful relationship with his daughter as well as others. The fact that there is no relationship between Ron and K.R. causes both emotional and psychological harm to the two of them. Ron cannot even begin to explain the emptiness he feels. Judge Perlow created this problem (this does not exist if Judge Perlow followed the procedures of law) this will now take, an act of God to mend.

RELIEF SOUGHT WITH PRAYER

I am asking for this trial of the case to last no longer than 4 months.

All Judge Perlow's rulings be dismissed and removed from the K.R. docket. The lack of procedure should be reason enough. Ron would like the opportunity to get K.R. the necessary counseling, with a qualified professional, before her 18th birthday to try and repair the damage created by Judge Perlow and Amy Patterson. Time is not on the Plaintiff's side in this case. This is a necessity for K.R. to have a better balance in her life.

I am asking Judge Perlow not to drag this out and allow the mending process to begin.

a.  Punitive Compensation:

I am seeking $100 million in damages for the emotional, loss of life, numbness, inability to feel, and financial damage caused by Judge Perlow decisions unlawfully based. Money does not make this go away or even remove the emotional walls now built, but what money will do is give Ron the ability to offer K.P. an easier life which will absolutely help in having a relationship.

b.  Monetary Compensation:
    1. I am seeking $36,000 for the amount I have paid lawyers to retry my hearing for Judge Perlow's inability to make decisions and decisions based on the law.

2. When this goes to trial, I would like the Federal court Judge or jury to have the power to order to distribute contempt of court charges, make charges for those with false and made-up accusations that could have brought charges to anyone in the case. Something Judge Perlow continuously allowed, resulting in the deprivation of my rights.
3. Revocation of Judge Perlow's Bar License: I request that Judge Perlow's bar license be revoked and the maximum sentence for of 1 year be imposed for her abuse of power and constant neglect to the code of conduct, H.R.5014 Federal Judicial Fairness Act of 2006, providing justice, procedural fairness, and procedural justice.
4. I request the order for recalculating child support from the June 2021 hearing. This process is to include arrearages readdressed, the $5,700.00 I have paid and the income from Amy's inheritance included roughly $650,000.00.
5. I am asking for the contempt of court charge be removed from Ron Rock and hold Amy Patterson in contempt for failure to pay the court ordered child support intentionally and the constant disregard to every court order (Judge Perlow Allowed) Recalculation of child support through the day of this order as I am the custodial parent. A Judgement for the amount of child support Amy Owes me.
6. The possibility of Amy going to jail for contempt, allowing me an opportunity to rebuild my relationship with K.R.
7. I am asking for joint custody time share equal except through October 2025<This is when K.R. will decide for herself if we deserve a relationship or not without Amy to influence. I am asking for full custody through that time. As Amy is just as responsible as the Judge. Asking all court records involving Judge Perlow be removed and redacted .
8. I am asking Amy Patterson to be ordered to take a parenting class and undergo counseling from a qualified psychologist to help in the rebuilding of K.R. and my relationship.
9. I am asking for a Declaratory of relief implemented on the day of filing stating the defendant's actions violated the plaintiff's constitutional rights and an injunction relief from the state of Kentucky to prevent further violations and any other relief this court deems just.
10. I am asking for help in the best process to rebuild this relationship and hope that we all have this goal in mind.
11. Judge Perlows orders lack procedure and due process. I am asking they be removed and redacted to the 2011 order
12. I am asking for a summary of judgement here, unorthodox I think
13. I am in a very unique situation, everything I have stated is on video she cannot deny any this nor can most of the other defendants

CONCLUSION:

I respectfully request that the court review this claim and take immediate and appropriate action to rectify the injustices I have suffered. My daughter turns eighteen in less than one year.

Dated: 1/15/2025

Signed: _____

Printed Name: Ron Rock

Address: 1450 Bluebird Lane
Paducah Ky, 42003

Phone: 270-201-4623

Email: Roncourtdocs@gmail.com