UNITED STATES DISTRICT COURT
for the
Western Division of Kentucky

**FILED**
JAMES J. VILT, JR. - CLERK

APR 14 2025

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

Ron David Rock
Pro Se
-v-
Judge Perlow, Child Support Enforcement,
County Attorney, Judicial Conduct Comm.

Case No. 5:24CV181-BJB

# RON ROCK'S EMERGENCY MOTION TO DECLARE JUDGE PERLOW'S ORDERS VOID AB INITIO AND TO ISSUE A WRIT OF MANDAMUS

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1651 (the All Writs Act), Plaintiff Ron David Rock respectfully seeks a writ of mandamus compelling compliance with statutory obligations under KRS 403.785(3). Specifically, Plaintiff requests that this Honorable Court declare all orders issued by Judge Perlow after October 29, 2020, void ab initio due to the absence of the mandatory statutory custody hearing, and reinstate the custody order valid as of October 14, 2020.

This motion is filed independently from Plaintiff's §1983 claim, focusing solely on addressing the procedural violations that have resulted in void orders and irreparable harm. While the §1983 claim addresses constitutional violations and broader systemic issues, this motion seeks immediate relief necessary to protect Plaintiff's parental rights and ensure compliance with statutory obligations under KRS 403.785(3). This distinction underscores the urgency of this matter and the need for swift judicial intervention.

Pursuant to 28 U.S.C. § 1651 (the All Writs Act), Plaintiff Ron David Rock respectfully seeks a writ of mandamus compelling compliance with statutory obligations under KRS 403.785(3). Specifically, Plaintiff requests that this Honorable Court declare all orders issued by Judge Perlow after October 29, 2020, void ab initio due to the absence of the mandatory statutory custody hearing, and reinstate the custody order valid as of October 14, 2020.

The failure to conduct a statutory custody hearing constitutes a clear violation of procedural requirements and demonstrates a lack of subject matter jurisdiction, rendering

1

all subsequent orders legally void. Plaintiff emphasizes the mandatory nature of the statutory hearing under KRS 403.785(3) and asserts that the lack of jurisdiction is a non-discretionary matter requiring immediate judicial intervention.

For nearly five years, Plaintiff has been forced to endure a fictional life imposed by Judge Perlow's unchecked will rather than decisions grounded in law. This egregious failure to adhere to established procedural norms has caused profound harm, including the alienation of Plaintiff's daughter, violations of his parental rights, and the systemic erosion of judicial integrity. The implications of these violations strike at the very foundation of justice and due process, underscoring the urgency of intervention.

The Judicial Conduct Commission (JCC) has further exacerbated the harm by failing to investigate mandated inquiries into these procedural violations, despite Plaintiff providing well-documented evidence in his §1983 claim. Instead, the JCC has chosen to defer its statutory duties, electing to wait until discovery in this Court to act. Compounding this systemic inaction, the defendants' intent to seal records risks obscuring critical evidence, further deepening the harm already inflicted.

The Plaintiff faces irreparable harm with each passing day, as his parental rights are continually violated and his daughter's well-being remains jeopardized. This Honorable Court must act swiftly to restore justice, safeguard Plaintiff's rights, and extricate him from the imposed fictional life he has been forced to live. The writ of mandamus is the only adequate remedy to address these urgent and ongoing violations of law and justice.

## II. UNDISPUTED FACTS

- Filing of Motion: Amy filed a motion to withhold custody on October 14, 2020.
- No Statutory Hearing Held: No hearing occurred by the statutory deadline of October 29, 2020, as required by KRS 403.785(3).
- Jurisdictional Authority: As established in Smith v. Smith, 2015-SC-000123, orders issued without the requisite statutory hearing are void ab initio.

## III. LEGAL ARGUMENT

1. **Void Orders Due to Lack of Subject Matter Jurisdiction:**
    - Smith v. Smith (Ky. 2016): Establishes that orders issued without statutory hearings lack jurisdictional foundation and are null from inception.
    - Mullins v. Hess, 131 S.W.3d 769 (Ky. 2004): Reinforces the necessity of procedural compliance for jurisdictional validity.

2

- ○ Kalb v. Feuerstein, 308 U.S. 433 (1940): Confirms that a void judgment is subject to collateral attack at any time.

2. **Legal Principles Regarding Void Orders:**

    - ○ Rose v. Himely, 4 Cranch 241 (1808): Holds that orders exceeding jurisdiction are void.

    - ○ Norton v. Shelby County, 118 U.S. 425 (1886): An unconstitutional act is void from inception, conferring no rights and imposing no duties.

3. **Federal Rules of Civil Procedure Supporting Relief:**

    - FRCP 12(b)(1): Allows challenges to subject matter jurisdiction, directly addressing the procedural failure that invalidates Judge Perlow's orders.

    - FRCP 60(b)(4): Permits relief from judgments that are void due to lack of jurisdiction, ensuring procedural violations are not shielded by time limitations.

    - FRCP 56: Supports summary judgment, as there is no genuine dispute over the jurisdictional facts given the absence of the mandatory hearing.

    - FRCP 26(a)(1): Mandates automatic disclosure of documents and evidence pertaining to jurisdiction, ensuring transparency.

    - FRCP 34(c): Allows inspection of physical and electronic items that substantiate the absence of a required hearing.from inception.

## IV. NOTICE TO JUDGE PERLOW

Plaintiff raises concerns regarding procedural violations, including:

- Issuance of orders without statutory jurisdiction;
- Failure to provide written findings of fact and conclusions of law; and
- Ex parte communications compromising fairness.

## V. REQUEST FOR RELIEF

Plaintiff respectfully requests this Honorable Court:

1. Declare all orders issued by Judge Perlow after October 29, 2020, void ab initio.

2. Reinstate the custody order valid as of October 14, 2020.

3

3. Issue an injunction preventing interference with Plaintiff's parental rights through November 1, 2025.

4. Automatic Mandamus Trigger: The Plaintiff respectfully requests this Honorable Court ORDER AND DECLARE an automatic mandamus provision as part of its ruling, effective immediately upon issuance, to ensure timely enforcement of procedural requirements. Specifically:

    - Defendants must provide certified documents within five (5) days verifying that a statutory custody hearing occurred by October 29, 2020, or acknowledge no hearing took place.

    - A writ of mandamus shall automatically issue on the eleventh (11th) day if Defendants fail to comply with this order, without requiring further court action.

### 5. Urgency and Necessity

The Plaintiff emphasizes that this motion presents a straightforward question: Was there or was there not a statutory custody hearing conducted by October 29, 2020, as required by KRS 403.785(3)? The absence of such a hearing is a matter of fact, not subject to dispute. The court has a duty to promptly address this procedural defect, and any attempt by the defendants to delay resolution of this simple and factual question serves no purpose other than to further harm Plaintiff's rights and well-being. The urgency of this matter underscores the reasonableness of Plaintiff's request and the necessity of swift judicial intervention,

**VI. CONCLUSION** Judge Perlow's procedural failures have deprived Plaintiff of his rights and jurisdictional integrity. Plaintiff respectfully asks this Court to grant the relief sought and end the harm imposed by legally void orders.


Respectfully Submitted,


Ron Rock
1450 Bluebird Lane
Paducah KY 42003
270 201 4623
roncourtdocs@gmail.com

X. _____

DATE: 4-14-2025

4

## NOTICE

Plaintiff hereby provides notice that this motion will be presented to the Court at the earliest possible time, consistent with the Court's schedule and rules. This notice is provided to ensure that all parties are aware of the filing and its contents.

## CERTIFICATE OF SERVICE

I, Ron David Rock, hereby certify that on this 14th day of April 2025, a true and correct copy of the foregoing:

- → RON ROCK'S EMERGENCY MOTION TO DECLARE JUDGE PERLOW'S ORDERS VOID AB INITIO AND TO ISSUE A WRIT OF MANDAMUS

- → Affidavit

- → Proposed Order

was served upon the defendants by electronic filing through the court and certified mail.to each defendant's counsel.

Respectfully submitted,

Ron Rock
1450 Bluebird Ln
Paducah KY, 42003
270 201 4623
roncourtdocs@gmail.com

X. _____

DATE: 4-14-2025