UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

RON DAVID ROCK                                                    PLAINTIFF

v.                                                    NO. 5:24-cv-181-BJB

JUDGE PERLOW, ET AL.                                          DEFENDANTS

* * * * *

MEMORANDUM OPINION & ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Ron Rock, appearing *pro se*, disagrees with the judge's decisions in his child-custody case in Marshall (County) Circuit Court.  He also disagrees with this federal court's decision to dismiss his follow-on lawsuit against the state-court judge (and others) based on their actions during the state-court litigation.  So he has moved for reconsideration in this Court and mandamus in the Sixth Circuit Court of Appeals.[1]

As recounted in two prior opinions (DNs 86 & 87), Rock's complaint alleges that Marshall Circuit Judge Perlow violated his constitutional and statutory rights through her custody orders; that the County Attorney failed to enforce a parental-kidnapping statute, prosecute the mother of his child, or enforce child-custody payments; that the Judicial Conduct Committee and the Kentucky Administrative Office failed to investigate the custody proceedings; and that an entity labeled only as "Child Support Enforcement" violated state law governing child-support obligations.[2]

The Court granted the Defendants' motions to dismiss (DNs 4, 5, 9) and denied all of Rock's remaining motions.[3]  His subsequent motion to alter or amend that

---

[1] Rock also filed a Notice of Appeal (DN 91) at the same time as his Rule 59(e) motion. His appeal has been held in abeyance until the resolution of his 59(e) motion. *See Rock v. Perlow, et al.*, 25-5926 (6th Cir. Jan. 22, 2026).

[2] The Defendant known as "Child Support Enforcement" has not appeared in this case or moved to dismiss.  The other Defendants contend that this named entity does not exist. *See* Joint Status Report (DN 78).  Regardless, the Court dismissed any claims against this entity for lack of jurisdiction or, in the alternative, failure to state a claim. Opinion (DN 87) at 8.

[3] The Court's opinion denied as moot eleven other pending motions filed by Rock. *See* Opinion at 8–9.

1

judgment under FED. R. CIV. P. 59(e), *see* DN 88, argues that the Court's opinion improperly ruled on a withdrawn motion, overlooked record facts, misapplied the law, and failed to rule on pending recusal motions.

## ANALYSIS

Motions to alter or amend a judgment under Rule 59(e) "should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Michigan Flyer LLC v. Wayne County Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). The rule "allows for reconsideration" of a prior decision but "does not permit parties to effectively re-argue a case." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quotation marks omitted). The burden lies with the movant, who must "clearly establish" that he satisfies at least one of the four grounds for relief. *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citations omitted). The "error must be so egregious that an appellate court could not affirm the district court's judgment." *Powell v. Cabinet for Health & Fam. Serv.*, No. 5:22-cv-85, 2023 WL 8111605, at *1 (W.D. Ky. Nov. 22, 2023) (quotation marks omitted).

Rock's motion purports to offer two arguments for relief: first, the Court's opinion "is based on … clear errors of law and fact," and second, "the manifest injustice of enforcing jurisdictionally void state-court orders." Motion to Alter or Amend (DN 88) at 1. Many of his arguments, however, don't clearly connect to these two bases for relief. Rock also asks for an "urgent ruling on [a] pending recusal motion," which is "based on the appearance of impropriety." *Id*. at 1, 2.

### 1. Clear Error of Law and Manifest Injustice

Most of Rock's motion rehashes arguments already addressed and rejected by the Court. Rock contends that the Court's application of *Rooker-Feldman* was wrong because "there is no final state-court judgment." Motion at 2.[4] Yet it also states that "there are no ongoing state proceedings." *Id*. Even if his motion concerns non-final state court orders, the Court's prior opinion accounted for that contingency: Because the status of the underlying state case was "not entirely clear from Rock's complaint," the Court would nonetheless abstain from exercising jurisdiction under the *Younger*

---

[4] Rock points to a Kentucky Court of Appeals decision stating that "the family court ha[d] not made a determination on whether there exists an alleged child support deficiency owed by [the mother of Rock's child] to Rock." Motion at 2; Kentucky Court of Appeals Opinion (DN 83-9) at 17. But the Court of Appeals simply held that the arrearages question was not properly before the Court because no final order regarding arrearages yet existed. DN 83-9 at 18–19. The Court of Appeals also noted that Rock may still appeal any future final order from the family court on that issue. That opinion issued in July 2025; what if anything has happened in the state Court of Appeals since is not clear on the current record.

abstention doctrine to the extent the custody case was still pending.  Opinion at 4 ("[*Younger*] abstention is generally appropriate in matters of family relations such as child custody.") (quoting *Meyers v. Franklin Cnty. Ct. of Common Pleas*, 23 F. App'x 201, 204 (6th Cir. 2001)).  So any objection Rock may have to the Court's application of *Rooker-Feldman* would not change the outcome of the Court's decision.

Because the Court did not clearly err in its application of *Rooker-Feldman* (or *Younger*), the majority of Rock's remaining arguments to alter or amend necessarily fail.  He contends that the Family Court orders are "void *ab initio*" and unlawful for various reasons, including purported Fourth and Fourteenth Amendment violations, defective rulings, and the unclean-hands doctrine—all in the state-court litigation. *Id.* at 3–10.  But as just noted, this Court lacks jurisdiction to review attacks on those state-court orders (under *Rooker-Feldman*) and would abstain from doing so (under *Younger*) in any event.  Rock therefore has not identified any clear error of law or manifest injustice in the Court's application of jurisdictional and abstention doctrines that would lead to reconsideration of the dismissal opinion.

Rock next claims that the Defendants' "coordinated actions" are "actionable under [RICO]" and that his "RICO claim is an independent federal cause of action that demands adjudication on the merits, wholly separate from any review of the state court's judgment." *Id.* at 7–8.  This appears to be the first time Rock has raised a statutory RICO claim.  And a motion under Rule 59(e) is certainly not the time for litigants to raise new claims. *See Dean v. City of Bay City, Mich.*, 239 F. App'x 107, 111 (6th Cir. 2007) (A Rule 59(e) motion "is not the proper vehicle for asserting a new claim for the first time.").  While Rock's Complaint did at times accuse Judge Perlow of "show[ing] extreme discriminatory judicial bias and prejudice" or "bypass[ing] the law," this general allegation is hardly sufficient to state a RICO conspiracy across the federal-court Defendants under FED. R. CIV. P. 12(b)(6). *See* Complaint (DN 1) at 9. And in any event, the Court's prior opinion explained that Judge Perlow was absolutely immune from civil damages in the exercise of her judicial duties, even if Rock alleges she acted maliciously or corruptly. *See* Opinion at 5 (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).

Rock's remaining arguments to alter or amend are similarly futile.  He complains that the Court improperly ruled on his "withdrawn" motion to voluntarily dismiss the Kentucky Administrative Office of the Courts as a Defendant.  Motion at 1.  The Court's opinion explained that he did not adequately move to withdraw that motion, but even if he did, his claims against the AOC would be dismissed under the Eleventh Amendment.  Opinion at 2 n.2.  Rock also argues that the "cumulative effect" of the Court's alleged errors "requires vacating the dismissal."  Motion at 11. But because he has not identified any basis for amending the Court's prior opinion under *any* of his arguments, no cumulative errors support altering or amending, either.

### 2. Recusal Motions

Last, Rock argues that the Court's "failure to rule" on pending recusal motions (for both the judge in this case and Judge Perlow) "violates due process." Motion at 2. But the Court did indeed deny Rock's earlier motion to order Judge Perlow to recuse from the state court case. *See* Opinion at 8–9 (motion was one of eleven denied as moot). That motion repeated the same arguments regarding judicial misconduct addressed by the Court when deciding the Defendants' motions to dismiss. As to Rock's motion seeking recusal in this case, the docket doesn't reflect any such motion pending at the time of the Court's prior opinion.[5] In any event, Rock has not identified with any plausible facts or law indicating that recusal would be appropriate in this case. *See* 28 U.S.C. § 455(a) (judge must recuse "in any proceeding in which his impartiality might reasonably be questioned").

**\* \* \* \* \***

Rock's motion does not clearly establish any error in law or manifest injustice in the Court's opinion dismissing the claims against the defendants. To the contrary, the motion reargues issues decided last time or raises issues for the first time. So the Court denies the motion to alter or amend its judgment.

While this motion was pending, Rock filed additional motions: a "renewed motion for judgment on liability, independent review, and jury trial" (DN 96); another motion for leave to file a first amended complaint (DN 100); a motion to "vacate/void judgment" (DN 105); a motion for clerk's entry of default (DN 106); and a "motion for recusal and reassignment" (DN 108). Because the Court already dismissed all claims against all parties, and because Rock's motion to alter or amend that final order fails, the Court denies these remaining motions as moot.[6] The Court directs the Clerk to close the case.

---

[5] Rock did file a "Notice of Judicial Default and Demand for Recusal or Mandamus Relief." DN 75. This notice merely "demand[ed] a judicial response within three (3) calendar days of this filing," however, and stated that "[f]ailure to respond shall trigger" "[m]andatory recusal … without further notice." *Id.* at 3. Rock's notice did not seek judicial recusal or raise any question of impartiality.

[6] Rule 59(e) requires a motion to alter or amend to be "filed no later than 28 days after the entry of the *judgment*." FED. R. CIV. P. 59(e) (emphasis added). Rock filed his Rule 59(e) motion *before* the Court's entry of a separate judgment under Rule 58. To the extent a separate judgment is required in this circumstance, *see* Fed. R. Civ. P. 54, 58(a), the motion to alter or amend would be timely. The separate-judgment rule does not "mechanically appl[y]" to "prevent the parties from waiving the separate-judgment requirement" when the Court has entered an otherwise final order. *Bankers Tr. Co. v. Mallis*, 435 U.S. 381, 386 (1978) (citation omitted); *id.* at 387–88 (finding a notice of appeal timely in the "absence of a separate judgment").